UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TAYLOR,<br><br>        Petitioner,<br><br>    v.<br><br>DISTRICT ATTORNEY OFFICE,<br><br>        Respondent. | Case No. 2:23-cv-00460-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THE AMENDED PETITION BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 13 |

    Petitioner, a detainee in the Sacramento County Jail proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the initial petition, I found that it failed to state a cognizable habeas claim because it appeared that the state conviction had not yet been finalized. ECF No. 12. I gave him leave to amend, *id.*, and he has filed an amended petition, ECF No. 13. Having reviewed the amended petition, I still conclude that there is no finalized conviction at issue. It necessarily follows that any claim in the immediate petition has not yet been exhausted by presentation to the California Supreme Court. I now recommend that the petition be dismissed.

    The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the

petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner has not indicated that he has a finalized state conviction. The spaces for "date of conviction" and "length of sentence" have been left blank. ECF No. 13 at 1-2. Additionally, plaintiff indicates that some form of state appeal remains pending as of this amended petition. *Id.* at 3. Thus, I conclude that petitioner's claims are not yet ripe for federal habeas consideration. *See* 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . ."). Here, it does not appear that petitioner is in custody pursuant to a final state court judgment. Nor is there any indication that he has presented any of his claims to the California Supreme Court. *See* 28 U.S.C. § 2254(b)(1)((A). Petitioner may address these issues in any objections he chooses to file to these findings and recommendations.

It is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the petition be DISMISSED for failure to state a cognizable federal habeas claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    November 13, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE