UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TAYLOR,<br><br>  Petitioner,<br><br>  v.<br><br>DISTRICT ATTORNEY OFFICE,<br><br>  Respondent. | No. 2:23-cv-00460-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION<br><br>(Doc. No. 16) |

Petitioner Robert Taylor is a detainee in county jail proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 14, 2023, the assigned magistrate judge issued findings and recommendations recommending that petitioner's federal habeas petition be dismissed due to petitioner's failure to state a cognizable federal habeas claim. (Doc. No. 16.) Specifically, the magistrate judge explained that because petitioner's state criminal conviction has not become final, plaintiff has failed to exhaust his habeas claims by first presenting them to the highest state court prior to seeking federal habeas relief. (*Id.* at 1–2.) The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) To date, petitioner has not filed any objections and the time in which to do so has passed.

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong.  Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on November 14, 2023 (Doc. No. 16) are adopted in full;
2. The operative second amended petition for writ of habeas corpus (Doc. No. 13) is dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **January 23, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2