UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TAYLOR,<br><br>          Petitioner,<br><br>     v.<br><br>DISTRICT ATTORNEY OFFICE,<br><br>          Respondent. | No.  2:23-cv-00460-DAD-JDP (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. Nos. 21, 22) |

Petitioner Robert Taylor is a detainee in county jail proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 24, 2024, the undersigned issued an order adopting the assigned magistrate judge's findings and recommendations (Doc. No. 16) and dismissing this action due to petitioner's failure to state a cognizable claim for federal habeas relief in his operative second amended petition.  (Doc. No. 19.)  Specifically, the court explained that because petitioner's state criminal conviction has not yet become final, he has failed to exhaust his habeas claims by first presenting them to the highest state court prior to seeking federal habeas relief as required.  (*Id.*)

On February 1, 2024, petitioner filed a third amended habeas petition despite not having first obtained leave from the court to do so.  (Doc. No. 21.)  The next day, on February 2, 2024, petitioner filed a "response" to the court's January 24, 2023 order dismissing this case.  (Doc. No.

1

22.)  The court will construe petitioner's response, in connection with his proposed third amended petition, as a motion for reconsideration of the court's January 24, 2024 order.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, in the proposed third amended petition, petitioner has filled in the "date of judgment of conviction"—a category that had been left blank in petitioner's second amended petition—with the date of January 25, 2024, suggesting that this new conviction date serves as a basis for the court to reconsider its order.  (Doc. No. 21 at 1.)  In petitioner's "response," he states "I was convicted on January 25, 2024 and so tell [sic] me I can't refile I think is bias [sic] and unfair. I've already filed a direct appeal with courts.  I guess I'll file an appeal to the supreme courts."  (Doc. No. 22 at 1.)  Although petitioner has now specified his date of judgment of conviction, that newly added information is not sufficient to state a cognizable claim for federal habeas relief because, as petitioner states in his proposed third amended petition, his direct appeal from his conviction is "still pending" in the state courts  (Doc. No. 21 at 2.)  Further, petitioner states "n/a" in response to the form petition's questions regarding whether his appeal was pursued through the higher state courts.  (*Id.*)  A federal habeas petitioner satisfies the exhaustion requirement only by providing the highest state court with a full and fair opportunity to consider all claims before
/////

presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

     Petitioner simply has provided no basis under Rule 60(b) to support reconsideration of the court's order dismissing his petition. Accordingly,

1. Petitioner's motion for reconsideration (Doc. Nos. 21, 22) is denied; and
2. This case shall remain closed.

IT IS SO ORDERED.

Dated:   **February 9, 2024**                              /s/ Dale A. Drozd
                                                     DALE A. DROZD
                                                     UNITED STATES DISTRICT JUDGE